Counsel for the complainant, apprehending that the answer of the defendants contained the averment of defenses not anticipated in the bill, has filed a special replication without the consent of his adversaries or leave of court. The defendants now challenge the propriety of that practice, asserting (1) that the filing of a special replication is not permitted, and that the introduction by the complainant of new matter to meet the unanticipated defenses should be accomplished by an amendment of the bill; and (2) that in any event the filing of a special replication is never permissible unless authorized by an order of the court.
True, authoritative works on equity pleading and practice commonly represent that special replications have long been disused and are no longer permitted, and that the object of a special replication should now be attained by an amendment *Page 466 
of the bill. Daniell's Ch. Pl. Pr. *828; Story Eq. Pl., §878; Merwin Prin. of Eq. and Eq. Pl. 572; 1 Whitehouse Eq. Pr.512 § 298; Dickinson's Ch. Precedents (ed. of 1879) 216 note
(a); Dickinson's Ch. Precedents (ed. of 1894) 143 note
(a).
The case of McClane's Adm'x v. Shepherd's Executrix, 21 N.J. Eq. 76,
is commonly cited by the authors to exemplify the practice in our state. The decision in that cause was delivered by Chancellor Zabriskie in 1870. He stated (at p. 78): "The special replication formerly allowed, by which this issue might have been raised, has been long disused, and is no longer permitted; the practice is now to permit the complainant to amend the bill by inserting allegations which will raise the issue, and require the defendant to answer as to them."
I notice also that in an opinion rendered by the same Chancellor in Cowart v. Perrine (1870), 21 N.J. Eq. 101,
he again remarked: "Under the old practice, this could have been effected by a special replication; this practice is now entirely abandoned, and the object obtained by amending the bill, and setting out such bar to any such defense, by way of anticipation."
The practice in equity is also discussed in 10 R.C.L. 478, and in the note appearing in 115 A.L.R. 781. From the foregoing, one unfamiliar with our rules would suppose that the use of a special replication is no longer recognized as a proper pleading in our Court of Chancery.
An examination of the rules of the Court of Chancery in effect during the period of office of Chancellor Zabriskie (1866 to 1873) reveals that there was then no rule concerning the use of special replications. (Editions of 1866 and 1868.) A rule was promulgated on October 17th, 1882, relating primarily to cross-bills, in which it was prescribed that the complainant shall answer a cross-bill "by special replication following the general replication to the rest of the defendant's answer." The form was provided in an accompanying rule. The latter rule specifying the form of the replication was amended somewhat on May 12th, 1893, and retained notwithstanding the promulgation of the rule (206-a) *Page 467 
on October 4th, 1904, in which the pleading in response to the cross-bill is therein denominated "an answer."
In 1915 the Chancery Act was enacted. P.L. 1915 ch. 116 p.184. It embraced certain schedules of rules and forms. Rule 58 of Schedule A read:
"The replication to an answer shall be substantially in the form stated in Schedule B. But, by leave of court, the replication may set up new matter to meet defenses not anticipated in the bill. Issue shall be deemed to be joined upon the new matter unless defendant, by leave of court, files a rejoinder."
Schedule B of forms contained:
"No. 6. SPECIAL REPLICATION SETTING UP NEW MATTER.
In reply to the defense stated in paragraphs * * * and * * * of the answer and not anticipated in the bill of complaint, complainant, by leave of court, says that (stating the new matter in numbered paragraphs).
Complainant joins issue upon the remainder of the answer.
 _________________________ Solicitor of Complainant."
The statutory rules became effective July 4th, 1915.
Rule 74 promulgated December 1st, 1916, effective January 1st, 1917, is substantially indistinguishable from rule 58 in the statutory schedule. It is observed that rules 58 and 74 made the filing of a special replication dependent upon leave of court.Vide, Kocher Trier, N.J. Ch. Pr. Prec., § 370, Forms Nos.374, 375, 376. In Ochs v. Ochs (1937), Vice-Chancellor Buchanan recognized the propriety of a special replication and authorized its use. Upon a review of the cause, the Court of Errors and Appeals affirmed the decree. 122 N.J. Eq. 143;192 Atl. Rep. 502; 192 Atl. Rep. 507.
Our rules and forms have continued to embrace directions relative to the composition and filing of special replications. It is accordingly my conviction that in an appropriate state of the pleadings a special replication is at present recognized as proper and permissible in our jurisdiction. It is, however, equally clear that a special replication should never be filed unless it is imperatively required. The point remains, may a special replication now be filed without leave of court? *Page 468 
The present rule (76) relative to replications, promulgated April 1st, 1938, effective May 2d 1938, reads:
"The replication to an answer shall be substantially in the form stated in the annexed schedule, except when it is desired to set up new matter to meet defenses not anticipated in the bill. Issue shall be deemed to be joined upon the new matter, unless defendant files a rejoinder."
It is noticeable that the amended rule omits the words "by leave of court," both in respect of the filing of a special replication and of a rejoinder. Yet it is observed that the form (No. 5) of the special replication contained in the schedule remained unchanged and embodies the phrase "by leave of court." I surmised that the deletion of those particular words by the amendment of the previous rule was purposeful, and that the failure to eradicate them from the form was merely inadvertent. A more comprehensive investigation discloses that, presumably by reason of some incertitude among members of the bar concerning the purpose of the amendment of the rule, the Chancellor on May 7th, 1938, approved and adopted an explanatory addendum to be subjoined to rule 76, which reads:
"Rule 76 must be read in the light of the requirement of old Rule 74, which required that leave of the court must be obtained for the filing of a replication setting up new matter. The purpose of the new Rule is to make application for such leave unnecessary."
Accordingly I conclude that a special replication may now be filed without leave of court, subject of course to a motion to strike.
I am privileged to state that the Chancellor concurs in the conclusions herein expressed.
Although the replication filed in the present cause may in some respects be criticised as somewhat prolix, yet in view of the nature of the cause, it is not so substantially objectionable as to necessitate its withdrawal.
An order will be advised denying the motion to expunge the replication from the record of the cause and, to avoid in the present cause any further contention concerning the point, the order may also provide for the filing of the replication nuncpro tunc. *Page 469